UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD, | CASE NO. 1:09-CV-02262-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (DOC. 11) |
| T. REYNOLDS, et al., | |
| Defendants. | |

**Screening Order**

**I.      Background**

Plaintiff Tony Eugene Saffold ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 31, 2009. Doc. 1. On October 12, 2010, the Court screened Plaintiff's complaint. Doc. 9. The Court found that Plaintiff stated a claim against Defendants T. Reynolds and J. Roberts for failure to protect in violation of the Eighth Amendment, but stated no other claims. The Court ordered Plaintiff either to file a first amended complaint, curing the deficiencies identified, or notify the Court of his willingness to proceed only on the claims found to be cognizable. On November 15, 2010, Plaintiff filed his first amended complaint. Doc. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.  Summary Of Complaint**

Plaintiff was previously incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: correctional officers T. Reynolds and J. Roberts; appeals coordinator N. Lopez; warden James Hartley; and Does 1 and 2. Doe 1 is an unknown inmate. Doe 2 is an unknown medical doctor employed at ASP.

Plaintiff alleges the following. On September 25, 2008, Plaintiff asked Defendant Reynolds for his legal materials. He was denied. On his way to his cell, Plaintiff was attacked by Defendant Doe 1 who socked him in the face while he had glasses on. The force of the blow caused Plaintiff to hit his head on the bottom of the stairs. Defendants Reynolds and Roberts watched as Defendant Doe 1 beat Plaintiff until he was tired. Defendant Reynolds then tightly handcuffed Plaintiff.

Plaintiff was moved to another yard on the same day. When Plaintiff arrived at the yard, he noticed that his property, including his legal materials, canteen package items, and some

personal property was missing.  Plaintiff's television had been smashed in.  Defendant Reynolds had his name on the inventory sheet, indicating that he had packed Plaintiff's items.

On September 26, 2008, Plaintiff filed an inmate appeal regarding his property.  On the same day, he filed a separate staff misconduct complaint.  On October 1, 2008, Defendant Lopez informed Plaintiff that he should send the property grievance to Defendants Reynolds and Roberts.  On October 7, 2008, Plaintiff's staff misconduct complaint was processed as a property appeal.  Defendants Lopez and Hartley continued to treat Plaintiff's staff misconduct complaint as his property appeal.

On October 14, 2008, Plaintiff received his legal property.  Plaintiff submitted a healthcare appeal form.  Plaintiff had seen medical staff the day of the attack (September 25, 2008), who recommended that he receive a follow-up.  Plaintiff had suffered a head injury.  Plaintiff however did not see any medical staff at all until November 17, 2008, when he saw a primary care physician, Doe 2.  Doe 2 ordered x-rays and gave Plaintiff Tylenol.

Plaintiff examined his central file on December 4, 2008, and discovered an inaccurate chrono in his file.  The chrono did not mention anything regarding Plaintiff being struck by Doe 1.  Plaintiff appealed the inaccurate chrono.  On January 9, 2009, Plaintiff's grievance was partially granted in that a new chrono would be constructed.  On June 9, 2009, Plaintiff was able to view the third chrono.  This chrono was authored by Defendant Roberts and contained several inaccurate statements, and no mention of Plaintiff being attacked by Doe 1.  Plaintiff contends this third chrono was written in retaliation.

Plaintiff contends that he was transferred to other prisons, including Chuckawalla State Prison, Sierra Conservation Center, and Folsom State Prison because he filed inmate grievances.

Plaintiff alleges a violation of the First and Eighth Amendments.  Plaintiff requests as relief: monetary damages and costs of suit, and transfer to a prison where he will be free from retaliation, and receive his family visits.

**III.    Analysis**

    **A.    Color Of State Law**

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

3

color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff fails to state a claim against Defendant Doe 1. Defendant Doe 1 is a state prisoner. He does not act under color of state law.

### B.      Eighth Amendment - Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff has sufficiently alleged a cognizable Eighth Amendment claim against Defendants T. Reynolds and J. Roberts.

### C.      Eighth Amendment - Deliberate Indifference

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer*, 511 U.S. at 832 (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves

4

an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Doe 2.  Plaintiff fails to allege sufficient facts that indicate Doe 2 knew of and disregarded an excessive risk to Plaintiff's health.

### C.  First Amendment - Inmate Grievances

Prisoners have a constitutional right to file inmate grievances.  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005), and *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)).  However, Plaintiff fails to state a claim against Defendants Lopez and Hartley regarding the treatment of his staff misconduct complaint.  Plaintiff was able to file his staff misconduct complaint.  Defendants Lopez and Hartley allegedly treated it incorrectly.  Plaintiff does not have substantive due process rights to specific treatment of his inmate grievance.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

### D.  Retaliation - Inmate Transfer

Prisoners may not be transferred to another prison in retaliation for exercising their First Amendment rights.  *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  However, Plaintiff fails to state a claim for retaliation.  Plaintiff fails to link any Defendant to this alleged retaliatory transfer.  *Long*, 442 F.3d at 1185.

///

///

IV.     **Conclusion And Order**

    Plaintiff states a claim against Defendants T. Reynolds and J. Roberts for failure to protect in violation of the Eighth Amendment.  Plaintiff fails to state any other claims against any other Defendants.

    Accordingly, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's first amended complaint, filed November 15, 2010, against Defendants T. Reynolds and J. Roberts for failure to protect in violation of the Eighth Amendment;

2. Plaintiff's claims for deliberate indifference to a serious medical need and violation of the First Amendment are dismissed for failure to state a claim; and

3. Defendants Doe 1, Doe 2, Hartley, and Lopez are dismissed from this action.

IT IS SO ORDERED.

Dated:  **April 22, 2011**                          **/s/ Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE