# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SAFFOLD, | CASE NO. 1:09-CV-02262-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | (DOC. 23) |
| T. REYNOLDS, et al., | |
| Defendants. | |

**Order**

**I.   Background**

Plaintiff Tony Eugene Saffold ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed November 15, 2010, against Defendants T. Reynolds and J. Roberts for failure to protect in violation of the Eighth Amendment. Pending before the Court is Defendants' motion to dismiss, filed October 5, 2011, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies. Defs.' Mot. Dismiss, Doc. 23. Plaintiff filed an opposition on October 21, 2011. Docs. 24, 25, 26.[1] On October 26, 2011, Defendants filed their reply. Doc. 27. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 17, 2011. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); *see* Second Informational Order, Doc. 15.

1

II. **Summary Of Amended Complaint**

At all times relevant to this action, Plaintiff was confined at Avenal State Prison. On September 25, 2008, Plaintiff asked Defendant Reynolds for his legal materials. He was denied. On his way to his cell, Plaintiff was attacked by another prisoner who socked him in the face while he had glasses on. The force of the blow caused Plaintiff to hit his head on the bottom of the stairs. Defendants Reynolds and Roberts watched as the prisoner beat Plaintiff until he was tired. Defendant Reynolds then tightly handcuffed Plaintiff. Plaintiff states a cognizable claim for violation of the Eighth Amendment against Defendants Reynolds and Roberts.[2] Plaintiff requests as relief monetary damages and costs of suit, and a transfer to another prison.

III. **Exhaustion Of Administrative Remedies**

A. **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l*

---

[2] By separate order, the Court dismissed Plaintiff's other claims for failure to state a claim. Order, Doc. 12.

*Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Discussion**

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendants contend that Plaintiff failed to exhaust any grievances, because none of these appeals are contained in Plaintiff's Inmate/Parolee Appeals Tracking System. Defs.' P. & A. 3:1-5. Defendants attach a declaration by D. Foston, Chief of the Office of Appeals branch for CDCR. D. Foston Decl. ¶ 2. Foston declares that Plaintiff did not exhaust any appeal regarding property or failure to protect from September 2008 to June of 2009, which includes the period when the alleged Eighth Amendment claim in this action occurred. *Id.* ¶ 7. This is a sufficient

3

1  showing by Defendants to shift the burden to Plaintiff to demonstrate that he exhausted all
2  available administrative remedies.
3        Plaintiff contends that he filed a property appeal and staff misconduct complaint on
4  September 26, 2008, by sending it to appeal coordinator N. Lopez.  Pl.'s Mem. P. & A. 3, Doc.
5  26.  Plaintiff contends that his staff misconduct complaint was improperly screened out pursuant
6  to Administrative Bulletin No. 05-03.  *Id.* at 4.  Plaintiff filed an inmate health care appeal on
7  October 14, 2008.  *Id.*  Plaintiff attaches a copy of inmate grievance No. ASP-08-02641, the
8  property grievance, as Exhibit J, and No. ASP-01-08-11087, his health care grievance, as Exhibit
9  M.

                    **1.    Grievance No. ASP-08-02641**

11        On September 26, 2008, Plaintiff submitted inmate grievance No. ASP-08-02641, which
12  complains of issues Plaintiff had with Defendant Reynolds regarding his legal materials.  Pl.'s
13  Opp'n, Ex. J at 40-51.  Plaintiff contends that he became so upset that his legal material had been
14  deprived that he "got into it" with another inmate.  He informed the guards that he wanted to go
15  to administrative segregation.  He was told to go get his property.  As he went back to get his
16  property, an inmate hit Plaintiff in the face, and the force of the blow caused Plaintiff's head to
17  hit the bottom of the stairs.
18        The staff complaint was treated as a property complaint, and any attempt by Plaintiff to
19  file a separate staff complaint resulted in the complaint being screened out pursuant to
20  Administrative Bulletin 05-03.  Plaintiff complains that such screen-out was improper because
21  Administrative Bulletin 05-03 is an underground regulation.[3]  Plaintiff attaches the California
22  Office of Administrative Law's 2008 OAL Determination No. 28, concerning Administrative
23  Bulletin 05-03, as Exhibit L.  The Office of Administrative Law found that AB 05-03 is a
24  regulation that requires adoption pursuant to the California Administrative Procedure Act.  It is

---

[3] The CDCR retired Administrative Bulletin 05-03, as updates to the Department Operations Manual have rendered the bulletin no longer current.  *See* Notice of Change to Department Operations Manual No. 11-08, http://www.cdcr.ca.gov/Regulations/Adult_Operations/docs/DOM/NCDOM/2011NCDOM/11-08/NCDOM%2011-08%20Letter%20-%20Inmate-Parolee%20Appeals.pdf.

unclear what steps, if any, were taken afterwards.  The Court need not address the matter further, however.

Another requirement for exhaustion of administrative remedies is that the prisoner in his inmate grievance must describe the problem and the action requested.  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  In Grievance No. ASP-08-02641, Plaintiff describes his problems with Defendant Reynolds's treatment of his property issue.  Pl.'s Opp'n, Ex. J, at 47-48.[4]  However, Plaintiff makes no mention of Defendant Reynolds watching another prisoner beat Plaintiff and failing to act to prevent harm.  This grievance does not put prison officials on notice as to the nature of the wrong for which redress is sought.  *Id.*

Accordingly, Plaintiff does not exhaust administrative remedies as to his Eighth Amendment claim for failure to protect with Grievance No. ASP-08-02641.

### 2.   Grievance No. ASP-01-08-11087

On October 14, 2008, Plaintiff submitted inmate grievance No. ASP-01-08-11087 concerned Plaintiff's alleged lack of medical care following the assault by another inmate.  Pl.'s Opp'n, Ex. M at 69-71.  Plaintiff briefly states that "On 9-25-08, I suffered a brutal attack by an unknown inmate while C/O T. Reynolds watched."  Plaintiff then complains of the medical treatment that he received, stating that his vision is impaired, he sees light flashes, and he has not received the tylenol that the doctor ordered.  *Id.* at 69. In Plaintiff's request for action, he seeks a follow-up check-up at no charge, a copy of his medical records regarding the incident, and that someone examine all of Plaintiff's injuries to determine if they are healing properly.  *Id.*

As stated previously, in order to satisfy § 1997e(a), California state prisoners are required to use the administrative prison grievance process to exhaust their claims prior to filing suit.  *Ngo*, 548 U.S. at 86.  Pursuant to the CDCR regulations, Plaintiff is required to describe the problem and the action requested.  Plaintiff described his problem as his medical treatment, and requested better follow-up treatment.  Plaintiff's grievance is insufficient to put prison officials on notice of his problem with Defendant Reynolds's alleged failure to protect Plaintiff from

---

[4] Page numbers are from the court docket numbering.

1 harm. *Griffin*, 557 F.3d at 1120. Addressing Plaintiff's medical treatment is the purpose of
2 Plaintiff's inmate grievance, not Defendant Reynolds's alleged failure to protect.
3     Plaintiff also contends that in section H of the grievance, Plaintiff argued that "My appeal
4 concerns the issue of how I was brutally attacked, while C/O T. Reynolds watched and did
5 nothing to stop it." Pl.'s Mem. P. & A. 7, Doc. 26. However, pursuant to CDCR's
6 administrative grievance process, Plaintiff was required to state the problem and the action
7 requested at the informal level, or in some circumstances, at the first level of review. Cal. Code
8 Regs. tit. 15, §§ 3084.5, 3084.6(c). Raising an issue for the first time in section H of the inmate
9 grievance, which is Plaintiff's dissatisfaction with the Second Level Response, is not in
10 compliance with the requirements of the grievance process. *Sapp*, 623 F.3d at 825 (finding that
11 officials declining to consider issue raised for the first time in a second level appeal to be proper).
12 Accordingly, Plaintiff does not exhaust administrative remedies as to his Eighth Amendment
13 claim for failure to protect with Grievance No. ASP-01-08-11087.

14         **3.     Other Grievances**

15     Plaintiff also attaches as exhibits grievance Nos. ASP-09-00565 and ASP-09-0054. Pl.'s
16 Opp'n, Ex. N at 100 to 127. Plaintiff contends that these grievances concerned retaliation by
17 Defendant Roberts for filing an appeal, a fabricated CDCR 128B chrono in Plaintiff's file
18 without notification, and that the CDCR 128B chrono was part of a cover-up by Defendants.
19 Pl.'s Mem. P. & A. 9-10. However, these grievances are immaterial. The only claim remaining
20 in this action is for failure to protect in violation of the Eighth Amendment. Plaintiff does not
21 contend, nor does the Court find, that grievance Nos. ASP-09-00565 and ASP-09-0054 exhaust
22 administrative remedies for his Eighth Amendment claim.
23     Plaintiff did not exhaust administrative remedies. The proper remedy is dismissal
24 without prejudice. *Wyatt*, 315 F.3d at 1119-20.

25 **IV.     Conclusion And Order**
26     Based on the foregoing, it is HEREBY ORDERED that:
27     1.     Defendants' motion to dismiss, filed October 5, 2011, is GRANTED in full;
28     2.     This action is dismissed without prejudice for Plaintiff's failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e(a);

3. All other pending motions are denied as moot; and

4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **March 27, 2012**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE